UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHI THI NGUYEN, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>COUNTY OF CLARK, et al.,<br><br>        Defendants. | CASE NO. C10-5267BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE ENTRIES OF DEFAULT |

    This matter comes before the Court on the motion to set aside entry of default filed by Defendants Wexford Health Sources, Inc. ("Wexford"), Rita A. Laurent ("Laurent"), Susan M. Bankston ("Bankston"), and Carol A. Rance ("Rance"), (collectively, "the Wexford Defendants"). Dkt. 30. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record, and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    On April 19, 2010, Plaintiffs filed a complaint against the Wexford Defendants and other Defendants alleging civil rights violations under 42 U.S.C. § 1983 related to the death of Plaintiff Vuong Guang Tran ("Mr. Tran"). Dkt. 1. Before filing the complaint, in a letter dated January 22, 2010, Plaintiffs gave notice to Wexford that they were filing suit against it for the wrongful death of Mr. Tran. Dkt. 31, Exh. A. In the letter, Plaintiffs did not state that they intended to file suit against any individual Wexford employees. *See id.* Also prior to filing suit, counsel for Plaintiffs, Mr. Meyer, had several communications with counsel for Wexford, Ms. Loynd, regarding Plaintiffs' request that

ORDER - 1

1  Clark County release Wexford policy manuals that were in the county's possession. *See*
2  Dkt. 31, Exhs. B, C, and D. Wexford ultimately agreed to Clark County releasing the
3  manuals. Dkt. 31, Exh. D.

4  In a letter dated March 12, 2010, Mr. Meyer requested copies of documents from
5  counsel for Wexford and specifically stated in the letter that he was "forwarding [the
6  letter] to you, as your office represents the health care providers responsible for Mr.
7  Tran's treatment at the time of his death." Dkt. 31, Exh. E. On March 22, 2010, Wexford
8  retained David Dunner, M.D., F.A. Psych., as a consulting expert, based on his
9  knowledge of psychiatry and specifically his significant research with fluoxetine, a
10 medication alleged to be the cause of Mr. Tran's death. Dkt. 31 at 2; Dkt. 32 at 2-4.

11 On April 6, 2010, Mr. Meyer sent an email to counsel for Wexford seeking
12 confirmation that she did in fact represent the individual Wexford Defendants in the
13 instant case. Dkt. 41, Exh. 1. Ms. Loynd sent an email back stating that she would
14 respond to Mr. Meyer's request by April 16, 2010, or let him know if she needed
15 additional time. *Id.* During a telephone conference with Mr. Meyer on April 13, 2010,
16 Ms. Loynd stated that she still could not confirm that she represented Defendants Laurent,
17 Bankston, and Rance, but told Mr. Meyer to send her the requests to waive service for
18 those Defendants. Dkt. 41 at 1. Mr. Meyer told Ms. Loynd that he intended to serve
19 Defendant Wexford and that he would not be inclined to agree to extend its time to
20 answer the complaint if the individual Wexford Defendants did not agree to waive
21 service. *Id.* On April 21, 2010, Mr. Meyer mailed the requests for waiver of service to
22 Ms. Loynd. Dkt. 41, Exh. 2.

23 The next communication between Mr. Meyer and Ms. Loynd was a phone call
24 from Mr. Meyer on April 27, 2010, during which he again asked Ms. Loynd which of the
25 individual Wexford Defendants she intended to represent. Dkt. 41 at 2. Ms. Loynd stated
26 that she had obtained waivers of service from Defendants Conn, Little, and Gorecik, but
27 had not obtained waivers from the other Defendants. *See* Dkt. 41, Exh. 3 (email dated

28

ORDER - 2

April 28, 2010, confirming the discussion during the April 27, 2010, telephone conversation). Ms. Loynd agreed to mail the waivers to Mr. Meyer and call him the next day with an update on obtaining waivers from the other Defendants. *Id*.

On April 28, 2010, Mr. Meyer sent an email to Ms. Loynd confirming the conversation from the day before and stated that if Ms. Loynd was unable to provide written confirmation of which Defendants she was in fact representing, then Plaintiffs would proceed with serving the individual Wexford Defendants. *Id*. On April 30, 2010, Mr. Meyer left a voicemail for Mr. Loynd regarding her follow-up to their April 27, 2010, telephone conversation. *Id*.

On May 11, 2010, Mr. Meyer had yet to receive further communication from Ms. Loynd and sent her an email and a letter via U.S. mail stating that Plaintiffs were withdrawing their requests for waiver of service from Defendants Rance, Maynard, Laurent, and Bankston, as those Defendants had been served. Dkt. 41, Exh. 4.

On May 14, 2010, Plaintiffs filed a motion for entry of default against Defendant Wexford (Dkt. 9) and default was entered by the Court Clerk on May 17, 2010 (Dkt. 11). On May 25, 2010, Plaintiffs filed a motion for entry of default against Defendant Laurent (Dkt. 16) and default was entered by the Court Clerk on May 26, 2010 (Dkt. 18). On May 28, 2010, Plaintiff filed a motion for entry of default against Defendants Rance and Bankston (Dkt. 22) and default was entered by the Court Clerk on June 1, 2010 (Dkt. 25).

On May 28, 2010, Mr. Mullin, an attorney in the same office as Ms. Loynd, filed a notice of appearance with the Court on behalf of Wexford and the individual Wexford Defendants. Dkt. 24. Ms. Loynd's notice of appearance was filed with the Court on June 2, 2010, on behalf of Wexford and the individual Wexford Defendants. Dkt. 26.

Mr. Meyer received a letter dated June 1, 2010, from Ms. Loynd asking Plaintiffs to agree to provide her office until June 15, 2010, to obtain conflict of interest waivers from the individual Wexford Defendants and to refrain from filing any other motions for default. Dkt. 31, Exh. I. On June 2, 2010, Mr. Meyer responded to Ms. Loynd's letter

ORDER - 3

asking her to confirm the dates her representation of each defendant began. Dkt. 41 at 2. As of the date of the filing of Plaintiffs' response to the instant motion, Mr. Meyer had not received a response from Ms. Loynd. *Id*

On June 4, 2010, the Wexford Defendants filed a motion to set aside entries of default. Dkt. 30. On June 18, 2010, Plaintiffs filed a response (Dkt. 40) and on June 25, 2010, Defendants replied (Dkt. 46).

## II. DISCUSSION

The Wexford Defendants maintain that the entries of default should be set aside under Rule 55(c) of the Federal Rules of Civil Procedure because they did not act with culpability, they have a meritorious defense, and Plaintiffs will not be prejudiced. Dkt. 30 at 11-13. Wexford Defendants also argue that the entries of default should be set aside under Washington Superior Court Civil Rule 55(a)(3) because they were given no notice before the motions for default were filed and their counsel had substantially complied with the appearance requirement. *Id*. at 10-11. The Wexford Defendants' argument regarding Civil Rule 55(a)(3) is inapposite as federal courts always apply federal procedural rules, and where, as here, the Court has original jurisdiction over the matter, the Court will apply federal substantive law as well. Accordingly, the Court will analyze the Wexford Defendants' motion under Rule 55(c).

An entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c). The "good cause" standard for vacating an entry of default is the same standard for vacating a default judgment. *Franchise Holdings II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 1986); *see also* Fed. R. Civ. P. 65(b). In deciding whether to set aside an entry of default, the Court considers three factors: (1) whether Plaintiff will be prejudiced if the Court sets aside the default judgment, (2) whether Defendants have a meritorious defense, and (3) whether culpable conduct of Defendants led to the default. *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984). These factors are to be considered conjunctively. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.

ORDER - 4

2001); *see also Brandt v. American Bankers Ins. Co. of Fla.*, 08-5760BHS, Dkt. 41 at 7 (adopting *TCI* standard that factors should be balanced, and rejecting the holding in *Franchise Holdings* that the *Falk* factors are disjunctive). The decision of whether to set aside a default judgment is discretionary. *TCI,* 244 F.3d at 695.

**A.   CULPABILITY**

A defendant's conduct is culpable for the purposes of the *Falk* analysis where there is "no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Employee Painters' Trust v. Ethan Enter., Inc.*, 480 F.3d at 1000 (*quoting TCI*, 244 F.3d at 698).

Counsel for the Wexford Defendants exchanged several emails and telephone calls with counsel for Plaintiffs long before the motions for default were filed. Dkt. 41. Although Plaintiffs spend a significant amount of time in their response to the instant motion complaining of the delay between communications from Ms. Loynd, the standard for deciding the motion is whether such delay was done "with a devious, deliberate, willful, or bad faith" intent. *Id*. at 1000. Clearly, Plaintiffs were on notice that Ms. Loynd intended to represent the Wexford Defendants and was attempting to clear conflict of interest issues. *See generally* Dkt. 41. Once these were cleared, Mr. Mullin and Ms. Loynd promptly filed notices of appearance. Dkts. 24 & 26. Thus, the Court concludes that the Wexford Defendants have provided an explanation for their failure to timely respond to the complaint that satisfies the liberal standard set out in *TCI*: their explanation is not consistent with a "devious, deliberate, willful, or bad faith failure to respond."

**B.   MERITORIOUS DEFENSE**

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. . . . But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *TCI*, 244 F.3d at 700.

For purposes of setting aside entry of default, the Court concludes that the Wexford Defendants have asserted a meritorious defense. There appears to be significant

ORDER - 5

factual disputes concerning the level of care Mr. Tran received, specifically, whether the Wexford Defendants' conduct rose to the level of culpability required to prove liability under 42 U.S.C. § 1983.

## C. PREJUDICE

To be prejudicial, the setting aside of a judgment must hinder a plaintiff's ability to pursue his or her claim. *TCI*, 244 F.3d at 701. That is, the delay caused to a plaintiff as a result of pursuing the default judgment "must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id*. (*quoting Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

The Court concludes that the setting aside of the entry of default will not prejudice Plaintiffs because the delay will not hinder Plaintiffs' ability to pursue their claims, and the action is still in the early stages of litigation.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to set aside the entries of default (Dkt. 30) is **GRANTED**.

DATED this 27th day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6