UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHI THI NGUYEN, et al.,

    Plaintiffs,

  v.

COUNTY OF CLARK, et al.,

    Defendants.

CASE NO. C10-5267BHS

ORDER RENOTING PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' COUNTERCLAIM FOR MALICIOUS PROSECUTION

This matter comes before the Court on the Plaintiffs' Special Motion to Strike the Clark County Defendants' Counterclaim for Malicious Prosecution (Dkt. 48). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record, and hereby renotes the motion pending limited discovery on the counterclaim for malicious prosecution for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2010, Plaintiffs filed a complaint against Defendants alleging civil rights violations under 42 U.S.C. § 1983 related to the death of Plaintiff Vuong Guang Tran ("Mr. Tran"). Dkt. 1. On June 7, 2010, Defendants Clark County, Garry E. Lucas, Joseph K. Dunegan, Jackie Batties, Bill Barron, Jack G. Huff, Michael J. Nagy and Robert Karcher (collectively "Clark County Defendants") filed their answer to Plaintiffs' complaint, which included a counterclaim against Plaintiffs for malicious prosecution. Dkt. 34 at 14. On July 2, 2010, Plaintiffs filed the instant motion to strike Clark County Defendants' counterclaim for malicious prosecution. Dkt. 48. On July 26, 2010, Clark

ORDER - 1

1  County Defendants responded to the motion (Dkt. 49) and on July 30, 2010, Plaintiffs
2  replied (Dkt. 52).

## II. DISCUSSION

On June 10, 2010, a statute was enacted by the Legislature of the State of Washington governing "Strategic Lawsuits Against Public Participation," known as "SLAPPs" which are "lawsuits aimed at chilling the valid exercise of the constitutional rights of speech and petition." Dkt. 48 at 17. The Washington statute governing these suits is known as an Anti-SLAPP law and the new version of the statute protects a broader range of conduct including "[a]ny oral statement made, or written statement or other document submitted, in a . . . judicial proceeding." RCW § 4.24.0001 Sec. 2(2)(a). Washington's former Anti-SLAPP law, enacted in 1989 and amended in 2002, only protected claims arising out of communications made to the government, or organizations delegated with governmental authority, that involved matters reasonably of concern to that agency or organization. *See* RCW § 4.24.510. Here, Plaintiffs allege that, under Washington's new Anti-SLAPP law, Clark County Defendants' motion for malicious prosecution should be stricken as Clark County Defendants cannot show, by clear and convincing evidence, a probability of prevailing on the merits of their counterclaim. Dkt. 48. Clark County Defendants maintain that the new Anti-SLAPP law is inapplicable to their counterclaim for malicious prosecution because the claim was filed three days before the statute's effective date. Dkt. 49 at 4-7; *see* Dkt. 34 at 14, RCW § 4.24.0001. In the alternative, Clark County Defendants request that the Court stay Plaintiffs' motion to strike and allow limited discovery on their counterclaim for malicious prosecution. Dkt. 49 at 7-13.

All statutes are presumed to run prospectively. *1000 Virginia Ltd. Partnership v. Vertecs Corp.*, 158 Wn.2d 566, 584 (2006). "However, a statute or an amendment to a statute may be retroactively applied if the legislature so intended, if it is clearly curative, or if it is remedial, provided that retroactive application does not run afoul of any

ORDER - 2

constitutional prohibition." *Id*. (internal quotation marks omitted). "We look to both the statute's purpose and the language in analyzing the issue of retroactivity." *McGee Guest Home, Inc. v. Dept. of Soc. and Health Servs.*, 142 Wn.2d 316, 325 (2000). Enactment of a statute or an amendment "is curative only if it clarifies or technically corrects an ambiguous statute." *1000 Virginia*, 158 Wn.2d at 584 (quoting *McGee*, 142 Wn.2d at 325). "A statute is remedial when it relates to practice, procedure, or remedies and does not affect a substantive or vested right." *Miebach v. Colasurdo*, 102 Wn.2d 170, 181 (1984). "However, a right cannot be considered a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws." *Id*. (internal quotation marks omitted).

Here, Plaintiffs do not argue that the Washington legislature explicitly intended the Anti-SLAPP statute to apply retroactively. However, Plaintiffs do assert that the Anti-SLAPP statute can be applied retroactively as the law "arguably is curative, and most certainly is remedial." Dkt. 52 at 5. Clark County Defendants maintain that the Anti-SLAPP law does not apply to their malicious prosecution claim because the statute is not curative, as the existing Anti-SLAPP statute was not ambiguous. Dkt. 49 at 5-7. They also argue that the statute is not remedial, as such application would divest them of a vested right. *Id.*

**A.  Curative**

In *1000 Virginia*, the Washington Supreme Court stated that a statute could be applied retroactively if it was "clearly curative." 158 Wn.2d at 584. Plaintiffs assert that the legislature, in enacting the 2002 amendment to the statute, intended but failed to create a procedure for speedy adjudication of SLAPPs. Dkt. 52 at 5-6. According to Plaintiffs, the new Anti-SLAPP law is curative because it creates such a procedure. *Id*. Although the legislature, in enacting the new version of the Anti-SLAPP law, certainly added provisions to the previous amendment, the Court finds that the 2002 amendment did not contain ambiguities that had to be "cured" by the new version of the law. *See* §§

ORDER - 3

4.24.510 and 424.0001.  Rather, the Legislature added provisions to the existing statute.  *See id.*  The Court operates under the presumption that statutes are to apply prospectively only and concludes that this presumption has not been rebutted, as the new Anti-SLAPP statute is not clearly curative.  *See 1000 Virginia*, 158 Wn.2d at 584.

**B.    Remedial**

A statute is remedial in nature when it addresses a practice, a procedure, or remedies and does not affect a vested or substantive right.  *Miebach*, 102 Wn.2d at 181.  Clark County Defendants argue that the Anti-SLAPP statute is not remedial because its application would affect their "vested rights in their accrued, filed malicious prosecution cause of action."  Dkt. 49 at 6.  Clark County Defendants cite to *O'Donoghue v. State*, 66 Wn.2d 787, 790 (1965), for the proposition that "statutes affecting vested rights will be construed as operating prospectively only."  *Id.*, *see* Dkt. 49 at 6.  In *Donoghue*, the Washington Supreme Court went on to explain that "[t]he distinction between rights and remedies is fundamental.  A right is a well founded or acknowledged claim; a remedy is the means employed to enforce a right or redress an injury."  66 Wn.2d at 790 (quoting *Chelentis v. Luckenbach S. S. Co.*, 247 U.S. 372, 284 (1918)).  Here, the Anti-SLAPP statute is not affecting a vested right held by Clark County Defendants.  Rather, the statute is affecting the remedy available to Clark County Defendants to enforce their right, that is, their right to proceed with their claim for malicious prosecution.  *See id.*  The Anti-SLAPP statute does not dismiss Clark County Defendants' counterclaim for malicious prosecution, but simply changes the procedure that they must adhere to in proving their claim.  Specifically, because Plaintiffs have filed a motion to strike the counterclaim under the new Anti-SLAPP law, Clark County Defendants must show a probability of prevailing on their counterclaim by clear and convincing evidence.  *See* RCW 4.24.001 Sec. 2(4)(b).  Accordingly, the Court concludes that the new Anti-SLAPP statute is procedural and does not affect a vested right, and therefore is remedial in nature and applies retroactively to Clark County Defendants' malicious prosecution claim.

ORDER - 4

**C.    Discovery**

In their response to Plaintiffs' motion to strike, Clark County Defendants request that, if the Court concludes that the Anti-SLAPP statute applies retroactively, the Court stay Plaintiffs' motion to strike to allow for additional discovery to be conducted. Dkt. 49 at 7-13. The Court finds that, under the Federal Rules of Civil Procedure, this request should be granted and a limited amount of discovery be allowed. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845-46 (9th Cir. 2001) (holding that the discovery-limiting aspects of California's Anti-SLAPP statute were inapplicable to the extent that Federal Rules of Civil Procedure entitle a party to discover information that is essential to its defense). Accordingly, the Court concludes that Clark County Defendants are entitled to conduct limited discovery on their malicious prosecution claim for the purpose of preparing a second response to Plaintiffs' motion to strike to show a probability of prevailing on the merits of their claim by clear and convincing evidence. *See* RCW § 4.24.001 Sec. 2(4)(c).

### III. ORDER

Therefore, it is hereby **ORDERED** that Clark County Defendants file, on or before **September 7, 2010**, a second response to Plaintiffs' motion to strike counterclaim for malicious prosecution (Dkt. 48). Plaintiffs may file, on or before **September 10, 2010**, a reply to Clark County Defendants' second response to the motion to strike, and the motion is hereby **RENOTED** to **September 10, 2010**.

DATED this 12th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5