UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| PHI THI NGUYEN, et al., ) | |
| ) | Civil Action No. 3:10-cv-5267-BHS |
| Plaintiffs, ) | |
| v. ) | MOTION TO COMPEL WEXFORD |
| ) | DEFENDANTS TO DISCLOSE THE |
| COUNTY OF CLARK, et al., ) | ADDRESSES AND TELEPHONE |
| ) | NUMBERS OF INDIVIDUALS IDENTIFIED |
| Defendants. ) | PURSUANT TO RULE 26 AND FOR |
| ) | SANCTIONS |
| ) | |
| ) | NOTE ON MOTION CALENDAR: |
| ) | OCTOBER 15, 2010 |

**I.   RELIEF SOUGHT**

Plaintiffs move the Court for an order compelling defendants Wexford Health Sources, Inc., Daniel L. Conn, Nickolas A. Little, Carol L. Rance, Kelly E. Epperson, Gladys C. Maynard, Reginald D. Lewis, Daniel J. Gorecki, Rita A. Laurent and Susan M. Bankston (the "Wexford defendants") to disclose the addresses and telephone numbers of the two current and twelve former employees listed in their Fed. R. Civ. P. 26(a)(1) Initial Disclosures, and to impose appropriate sanctions. This motion is based on the declaration of counsel filed herewith, and records and files contained herein.

**II.   BACKGROUND**

On July 27, 2010, the parties participated in a Rule 26(f) teleconference, during which plaintiffs' counsel requested defendants to consider the need for depositions beyond the Fed. R. Civ. P. 30(a)(2) ten deposition limit. Dkt. # 55 at 2 (Joint Status Rpt.). This is a significant issue, given the number of defendants and other witnesses likely to have discoverable information, coupled with the fact that the defendants and most of the witnesses in this matter are comprised

MOTION TO COMPEL DISCLOSURE
(3:10-cv-5267-BHS) - 1

David P. Meyer, P.C.
621 SW Morrison St, Ste 900
Portland, OR 97205-3823
Phone: (503) 224-1096
dpmeyer@meyerlaw.com

of Clark County's and Wexford's current and former officers, agents and employees. *Id.* at 2 -3. Defendants would not consider any changes to the presumptive deposition limit. *Id.*at 3. However, they agreed to "work professionally and efficiently, and will cooperate in the exchange of reports, materials and the scheduling of necessary depositions." *Id.*

On August 30, 2010, the Wexford defendants served their Fed. R. Civ. P. 26(a)(1) Initial Disclosures, in which they listed two current and twelve former employees likely to have discoverable information. However, each individual was listed as having the address and telephone number of the Wexford defendants' attorney. Meyer Dec, Ex 1. Counsel for the Wexford defendants has taken the position that Fed. R. Civ. P. 26(a)(1)(A)(i) does not require them to disclose the addresses and telephone numbers of individuals who they represent, which includes the two current and twelve former employees. *See* Meyer Dec, Ex 2 and 3. However, the Wexford defendants offer no case law or other support suggesting that Fed. R. Civ. P. 26(a)(1) disclosures should be limited to counsel's address and telephone number, thereby necessitating this motion. *See* Meyer Dec, Ex 3.

**III. ARGUMENT**

Federal Rule 26(f) requires that parties confer to consider the nature of the case, and to make the initial required disclosures pursuant to Rule 26(a). The purpose of Rule 26(a) is to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26, advisory committee note of 1993. Initial disclosures, like all mandatory disclosures under the Federal and Local Rules, are integral to the parties' ability to move a case forward expeditiously. "The goal of the initial disclosure requirement is to get out basic information about the case at an early point." *Stamps v. Encor Receivable Mgmt.*, 232 F.R.D. 419, 422 (N.D. Ga. 2005). Under Rule 37, if a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(3)(A).

Identification of individuals pursuant to Fed.R.Civ.P. 26(a)(1)(A)(i) includes providing their addresses and telephone numbers, if known. "The rule expressly states as much." *Dixon v. Certainteed Corp.* 164 F.R.D. 685, 689 (D. Kan. 1996); *see also Fausto v. Credigy Services*

MOTION TO COMPEL DISCLOSURE
(3:10-cv-5267-BHS) - 2

David P. Meyer, P.C.
621 SW Morrison St, Ste 900
Portland, OR 97205-3823
Phone: (503) 224-1096
dpmeyer@meyerlaw.com

*Corp.* 251 F.R.D. 427, 429 (N.D. Cal. 2008). The Wexford defendants may not satisfy this obligation by disclosing its counsel's address and telephone number. Further, they may satisfy this obligation by disclosing an individual's business address and telephone number only if they know of no other address and number. *Dixon,* 164 F.R.D. at 689; *Fausto,* 251 F.R.D. at 429. Finally, the Wexford defendants "may not pose its concern [that plaintiffs' counsel will contact represented parties outside their attorney's presence] as cause to unilaterally disregard its duties of disclosure under Rule 26(a)." *Dixon,* 164 F.R.D. at 689. "[T]he court assumes attorneys will be ethical, absent some evidence to show otherwise." *Id.*

The personal home address, telephone number, and cellular phone number of each individual likely to have discoverable information is essential in order for plaintiffs to contact the individuals if allowed, to investigate the individuals' backgrounds and serve the individuals with process. *See Thurby v. Encore Receivable Management, Inc.*, 251 F.R.D. 620 (D. Colo. 2008). "[T]horough background investigations . . . may lead to the discovery of admissible evidence." *Id.* at 622 (internal quotations and ellipsis omitted).

By failing and refusing to disclose the addresses and telephone numbers of individuals likely to have discoverable information, the Wexford defendants have undermined the Court's ability to manage discovery and hampered plaintiffs' ability to obtain basic information needed to evaluate and prepare its case. In addition, the Wexford defendants' unjustifiable refusal to produce address and telephone information undermines the credibility of their agreement to work professionally and efficiently, and cooperate in the exchange of information.

**IV.  CONCLUSION**

Plaintiffs respectfully request this Court to require the Wexford defendants to disclose the home addresses and telephone numbers of the individuals listed in their Initial Disclosures, and impose such sanctions as are appropriate.

DATED: September 30, 2010.

DAVID P. MEYER, P.C.

By:  s/ David P. Meyer
David P. Meyer, WSBA 19643
Attorney for Plaintiffs

MOTION TO COMPEL DISCLOSURE
(3:10-cv-5267-BHS) - 3

David P. Meyer, P.C.
621 SW Morrison St, Ste 900
Portland, OR 97205-3823
Phone: (503) 224-1096
dpmeyer@meyerlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing Motion to Compel Wexford Defendants to Disclose the Addresses and Telephone Numbers of Individuals Identified Pursuant To Rule 26 and For Sanctions on:

| | |
|---|---|
| E. Bronson Potter<br>Clark County Prosecutor's Office<br>PO Box 5000<br>Vancouver, WA  98666-5000<br>Fax: (360) 397-2230<br>bronson.potter@clark.wa.gov<br>Attorneys for Defendants Clark County,<br>Lucas, Dunegan, Batties, Barron, Huff,<br>Nagy and Karcher | Daniel F. Mullin<br>Jennifer D. Loynd<br>Mullin Law Group<br>101 Yesler Way Ste 400<br>Seattle, WA  98104-3425<br>Fax: (206) 957-7008<br>dmullin@mullinlawgroup.com<br>jloynd@mullinlawgroup.com<br>Attorneys for Defendants Wexford, Conn,<br>Little, Rance, Epperson, Maynard, Lewis,<br>Gorecki, Laurent and Bankston |

Michael A. Patterson
Sarah S. Mack
Buchanan Fobes Leitch & Kalzer Inc
2112 3rd Ave Ste 500
Seattle WA 98121-2326
Fax: (206) 462-6701
map@pattersonbuchanan.com
ssm@pattersonbuchanan.com
Attorneys for Defendants Clark County,
Lucas, Dunegan, Batties, Barron, Huff,
Nagy and Karcher

___    by mailing a full, true and exact copy thereof with the U.S. Postal Service in Portland, Oregon in a sealed, first-class postage prepaid envelope to the attorney's last known address as shown above on the date set forth below.

___    by delivering a full, true and exact copy thereof to the attorney and/or to the attorney's office with a clerk or other person in charge as shown above on the date set forth below.

_x_    by filing a full, true and exact copy thereof to the attorney by electronic means in accordance with the court's Electronic Filing Procedures on the date set forth below.

___    by sending a full, true and exact copy thereof to the attorney by electronic means on the date set forth below.

DATED: September 30, 2010.

                                                       s/ David P. Meyer
                                                       David P. Meyer

CERTIFICATE OF SERVICE

David P. Meyer, P.C.
621 SW Morrison St, Ste 900
Portland, OR 97205-3823
Phone: (503) 224-1096
dpmeyer@meyerlaw.com