UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHI THI NGUYEN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF CLARK, et al.,<br><br>　　　　　Defendants. | CASE NO. C10-5267BHS<br><br>ORDER REQUIRING PLAINTIFFS TO COMPLY WITH LIMITED DISCOVERY REQUEST AND RENOTING MOTION TO STRIKE |

　　　This matter comes before the Court on Plaintiffs' Special Motion to Strike the Clark County Defendants' Counterclaim for Malicious Prosecution (Dkt. 48). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record, and hereby renotes the motion for a second time pending limited discovery on the counterclaim for malicious prosecution for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

　　　On April 19, 2010, Plaintiffs filed a complaint against Defendants alleging civil rights violations under 42 U.S.C. § 1983 related to the death of Plaintiff Vuong Guang Tran. Dkt. 1. On June 7, 2010, Defendants Clark County, Garry E. Lucas, Joseph K. Dunegan, Jackie Batties, Bill Barron, Jack G. Huff, Michael J. Nagy and Robert Karcher (collectively "Clark County Defendants") filed their answer to Plaintiffs' complaint, which included a counterclaim against Plaintiffs for malicious prosecution. Dkt. 34 at 14. On July 2, 2010, Plaintiffs filed the instant motion to strike Clark County Defendants' counterclaim for malicious prosecution. Dkt. 48. On July 26, 2010, Clark County

ORDER - 1

1 Defendants responded to the motion (Dkt. 49) and on July 30, 2010, Plaintiffs replied
2 (Dkt. 52). On August 12, 2010, the Court issued an order allowing limited discovery on
3 Clark County Defendants' counterclaim for malicious prosecution and allowing the
4 parties additional briefing following the discovery. Dkt. 53. On September 7, 2010,
5 Clark County Defendants filed their second response to Plaintiffs' motion to strike (Dkt.
6 56) and on September 10, 2010, Plaintiffs replied (Dkt. 60).

## II. DISCUSSION

In their original response to Plaintiffs' motion to strike, Clark County Defendants requested that, if the Court concluded that Washington's Anti-SLAPP statute, RCW 4.24.0001, applied retroactively, the Court stay Plaintiffs' motion to strike to allow for additional discovery to be conducted. Dkt. 49 at 7-13. On August 12, 2010, the Court issued an order staying Plaintiffs' motion to strike and requiring the parties to participate in limited discovery on Clark County Defendants' counterclaim for malicious prosecution. Dkt. 53. According to the parties' responses, discovery did not occur. *See* Dkts. 56 & 60. Rather than involving itself in the parties' discovery dispute, the Court reminds the parties that it ordered both of them to cooperate in conducting limited discovery on the malicious prosecution claim. *See* Dkt. 53. Failure of either party to comply with this or any order issued by the Court may subject such party to sanctions under Rule 11 of the Federal Rules of Civil Procedure. Accordingly, the Court orders the parties to conduct limited discovery on Clark County Defendants' counterclaim for malicious prosecution and file additional briefing.

The Court notes that Clark County Defendants' argument regarding the constitutionality of RCW 4.24.0001 will be addressed, if necessary, in the Court's final order on Plaintiffs' motion to strike following the parties additional briefing.

## III. ORDER

Therefore, it is hereby **ORDERED** that Clark County Defendants file, on or before **November 8, 2010**, a third response to Plaintiffs' motion to strike counterclaim for malicious prosecution (Dkt. 48).  Plaintiffs may file, on or before **November 12, 2010**, a reply to Clark County Defendants' third response to the motion to strike, and the motion is hereby **RENOTED** to **November 12, 2010**.

DATED this 13th day of October, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3