UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHI THI NGUYEN, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>COUNTY OF CLARK, et al.,<br><br>        Defendants. | CASE NO. C10-5267BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL |

    This matter comes before the Court on Plaintiffs' motion to compel (Dkt. 63). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record, and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    On April 19, 2010, Plaintiffs filed a complaint against Defendants alleging civil rights violations under 42 U.S.C. § 1983 related to the death of Plaintiff Vuong Guang Tran. Dkt. 1. On September 30, 2010, Plaintiffs filed their motion to compel Defendants Wexford Health Sources, Inc. ("Wexford"), Daniel L. Conn, Nickolas A. Little, Carol L. Rance, Kelly E. Epperson, Gladys C. Maynard, Reginald D. Lewis, Daniel J. Gorecki, Rita A. Laurent and Susan M. Bankston (collectively "Wexford Defendants") to disclose the addresses and telephone numbers of the two current and twelve former Wexford employees listed in their initial disclosures and requested the Court to impose appropriate sanctions. On October 11, 2010, Wexford Defendants filed their response to the motion to compel (Dkt. 63) and on October 14, 2010, Plaintiffs replied (Dkt. 65).

ORDER - 1

## II. DISCUSSION

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires a party to provide initial disclosures to other parties including "the name and, if known, the address and telephone number of each individual likely to have discoverable information...." In their initial disclosures, Wexford Defendants provided Plaintiffs with the names of two current and twelve former Wexford employees and listed the address and telephone number of counsel for Wexford Defendants. Dkt. 62 at 4-10. Nine of the employees are named defendants in this action and all of the employees are represented by counsel that represents Wexford Defendants. Dkt. 63. Plaintiffs argue that providing counsel's address and telephone number in place of the employees' home addresses and telephone numbers is insufficient to comply with Rule 26. Dkt. 61. Plaintiffs maintain that they may need the employees' home addresses and telephone numbers in order to conduct background investigations and serve the employees' with process. *Id*. Counsel for Wexford Defendants informed Plaintiffs that she represented all of the employees at issue and that her office would accept service on their behalf. Dkt. 62 at 14-15. Further, Wexford Defendants maintain that Plaintiffs have failed to show a need for Plaintiffs' home addresses or telephone numbers as any background information they are seeking can be done through discovery requests or depositions. Dkt.63.

The Court concludes that Plaintiffs have failed to show that Rule 26 requires Wexford Defendants to reveal the home addresses of the Wexford employees. The cases cited by Plaintiffs involve fact patterns where a party has listed a company's employees in its initial disclosures and then provided the company's address for each employee. Dkt. 61, 65. This is not the issue involved in this case. Here, the employees at issue are all represented by the same counsel and nine of them are named parties in the action. Plaintiffs have failed to show how providing counsel's address for individuals represented by that counsel, and whose counsel has agreed to accept service on their behalf, is inappropriate under Rule 26.

ORDER - 2

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to compel (Dkt. 61) is **DENIED**.

DATED this 29th day of October 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3