UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHI THI NGUYEN, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>COUNTY OF CLARK, et al.,<br><br>        Defendants. | CASE NO. C10-5267BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION TO STRIKE |

This matter comes before the Court on Plaintiffs' motion to strike the individual Clark County Defendants' counterclaim for malicious prosecution (Dkt. 48). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record, and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2010, Plaintiffs filed a complaint against Defendants alleging civil rights violations under 42 U.S.C. § 1983 related to the death of Plaintiff Vuong Guang Tran ("Mr. Tran"). Dkt. 1. On June 7, 2010, Defendants Clark County, Garry E. Lucas, Joseph K. Dunegan, Jackie Batties, Bill Barron, Jack G. Huff, Michael J. Nagy and Robert Karcher (collectively "Clark County Defendants" or "the individual Clark County Defendants" when excluding Clark County), filed their answer to Plaintiffs' complaint (Dkt. 34) which included a counterclaim by the individual Clark County Defendants against Plaintiffs for malicious prosecution (*id.* at 14). On July 2, 2010, Plaintiffs filed the instant motion to strike the individual Clark County Defendants' counterclaim for malicious prosecution. Dkt. 48. On July 26, 2010, the individual Clark County

ORDER - 1

1 Defendants responded to the motion (Dkt. 49) and on July 30, 2010, Plaintiffs replied
2 (Dkt. 52).  After several motions and orders from the Court resolving issues involving
3 discovery related to Plaintiffs' motion to strike, the individual Clark County Defendants
4 filed their final response to the motion to strike (Dkt. 79) and Plaintiffs replied (Dkt. 84).

## II. DISCUSSION

**A.     Plaintiffs' Claim Against Clark County Defendants**

Plaintiffs' complaint asserts only one claim against the individual Clark County Defendants and alleges that they "were deliberately indifferent and/or grossly negligent with regard to [Mr.] Tran's serious medical and mental health needs and caused his death, in violation of the Fourteenth Amendment to the United States Constitution" and are therefore liable for deprivation of Mr. Tran's rights under 42 U.S.C. § 1983.  Dkt. 1 at 22.  Plaintiffs' claim arises out of the death of their son, Mr. Tran, who died while incarcerated in the Clark County jail from intoxication of fluoxetine (Prozac).  Dkts. 1 at 18, 34 at 10.

Because Mr. Tran was being held on charges for which he had not yet been convicted, he was a pretrial detainee and his rights arise under the Fourteenth Amendment.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  However, courts apply the same standards used for prisoners' rights under the Eighth Amendment to pretrial detainees' due process rights under the Fourteenth Amendment.  *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  Where, as here, a party alleges a claim for failure to prevent an attempted suicide by an inmate, such claim is based on the Eighth Amendment right to receive adequate medical care.  *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994).  "With regard to medical needs, . . . persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs.  This duty to provide medical care encompasses detainees' psychiatric needs." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1178 (9th Cir. 2002) (internal quotation marks omitted).

1   In *Gibson*, the Ninth Circuit laid out the relevant standard of care required by the
2   Eighth and Fourteenth Amendments:

> Under the Eighth Amendment's standard of deliberate indifference, a person is liable for denying a prisoner needed medical care only if the person "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order to know of the excessive risk, it is not enough that the person merely "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [ ] he must also draw that inference." *Id.* If a person should have been aware of the risk, but was not, then the person has not violated the Eighth Amendment, no matter how severe the risk. *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir.2001). But if a person is aware of a substantial risk of serious harm, a person may be liable for neglecting a prisoner's serious medical needs on the basis of either his action or his inaction. *Farmer*, 511 U.S. at 842.

290 F.3d at 1187-88 (footnote omitted). Further, "[m]ere indifference, negligence, or medical malpractice will not support [a] cause of action" for failure to provide proper medical care under the Fourteenth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

Here, the individual Clark County Defendants maintain that Plaintiffs cannot show that those Defendants were deliberately indifferent in caring for Mr. Tran and therefore cannot succeed in pursuing claims based on the Fourteenth Amendment.

**B.     Counterclaim for Malicious Prosecution and Motion to Strike**

On June 7, 2010, the individual Clark County Defendants filed a counterclaim against Plaintiffs for malicious prosecution under RCW 4.24.350. Dkt. 34 at 14. Specifically, the individual Clark County Defendants alleged that "Plaintiffs have initiated and/or continued [their] Complaint with knowledge that it is false, unfounded, malicious and without probable cause." *Id.*

On June 10, 2010, a new statute was enacted by the Legislature of the State of Washington governing "Strategic Lawsuits Against Public Participation" also known as "SLAPPs." The Washington statute, known as an Anti-SLAPP law, relates "to lawsuits aimed at chilling the valid exercise of the constitutional rights of speech and petition" (*see* Dkt. 48 at 17) and protects conduct including "[a]ny oral statement made, or written

ORDER - 3

statement or other document submitted, in a . . . judicial proceeding." RCW 4.24.0001 § 2(2)(a). Plaintiffs seek to strike the individual Clark County Defendants' counterclaim for malicious prosecution based on the Anti-SLAPP statute.[1]

Under Washington law, a party may bring a claim for malicious prosecution where a civil action has been wrongfully initiated. *See* RCW 4.24.350. In *Clark v. Baines*, 150 Wn.2d 905, 911-12 (2004), the Washington Supreme Court laid out the elements that a party is required to prove in order to prevail on a malicious prosecution claim in a civil action:

> "(1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution[;]"
>
> * * *
>
> (6) arrest or seizure of property and (7) special injury (meaning injury which would not necessarily result from similar causes of action)

*Id*. (quoting *Hanson v. City of Snohomish*, 121 Wn.2d 552, 558 (1993)). The Washington Legislature, in enacting RCW 4.24.350, has "abrogated the common law requirement of showing prior abandonment by the plaintiff, or termination in favor of the defendant by permitting defendant to [counter]claim for malicious prosecution." *Brin v. Stutzman*, 89 Wn. App. 809, 818-19. In addition, under RCW 4.24.350(2), a law enforcement officer bringing a malicious prosecution claim need not prove arrest, seizure, or damages; in other words, the statute eliminates the last three common law elements. Under the Anti-SLAPP statute, in order to move forward with a malicious prosecution claim once a motion to strike the claim has been brought, the party must prove, by clear and convincing evidence, that they have a probability of prevailing on the merits of the

---

[1] The Court notes that on August 12, 2010, it issued an order in which it concluded that the new version of the Washington Anti-SLAPP statute applies retroactively and therefore can be applied to the individual Clark County Defendants' malicious prosecution claim. *See* Dkt. 53 at 2-4.

ORDER - 4

malicious prosecution claim. *See* RCW 4.24.0001 § 2(4)(b). If this burden is met, then the Court shall deny the motion to strike. *Id*.

Here, there is no dispute that the individual Clark County Defendants have met the first element, in that Plaintiffs instituted and have continued to pursue the current lawsuit. Further, the individual Clark County Defendants maintain that they have met the remaining elements and that the motion to strike should be denied because they have shown, by clear and convincing evidence, that they have a probability of prevailing on the merits of their malicious prosecution claim in that: (1) the individual Clark County Defendants argue that Plaintiffs lacked probable cause to institute and continue the instant suit; (2) Plaintiffs had malice in instituting and continuing the suit; and (3) the instant suit will ultimately terminate in the individual Clark County Defendants' favor. Dkt. 79 at 6-9. Plaintiffs do not argue the issue regarding the ultimate termination of the suit, but contend that the individual Clark County Defendants have failed to establish a lack of probable cause, or even if they could, that they have not established any malice on the part of Plaintiffs and therefore fail to meet their burden to establish a probability of prevailing on the malicious prosecution claim. Dkt. 84 at 1-4.

**1.   Probable Cause**

Probable cause is not defined in the Washington statute that establishes a malicious prosecution claim in civil cases. *See* RCW 4.24.350. However, Black's Law Dictionary defines probable cause, in the civil context, as "[a] reasonable belief in the existence of facts on which a claim is based and in the legal validity of the claim itself." Accordingly, in order to defeat Plaintiffs' motion to strike, the individual Clark County Defendants must prove, by clear and convincing evidence, that Plaintiffs did not have a reasonable belief either: (1) in the existence of facts on which their claim is based or (2) in the legal validity of the claim itself.

The individual Clark County Defendants, based on their depositions of Plaintiffs, argue that Plaintiffs have no knowledge of facts that would support claims against the

ORDER - 5

1 individual Clark County Defendants based on the Fourteenth Amendment. Dkt. 79 at 6-9.
2 The individual Clark County Defendants point to Plaintiff Phi Thi Nguyen's deposition in
3 claiming that she has no understanding of her position as a plaintiff in this action, she
4 does not recognize any of the names of the individual Clark County Defendants, and
5 cannot identify why they have been sued. *Id*. at 6. In addition, the individual Clark
6 County Defendants cite to Plaintiff Vy Viet Tran's deposition, in support of their position
7 that he cannot identify the connection between the individual Clark County Defendants
8 and his son, Mr. Tran, and that his subjective belief that the individual Clark County
9 Defendants were "negligent" is insufficient to meet the standard of showing that they
10 acted with deliberate indifference, as is required by the Fourteenth Amendment. *Id*. at 7-
11 9.

Plaintiffs' inability to articulate who the individual Clark County Defendants are
and what basic role such individuals played in the care of Mr. Tran evidences an inability
to show how those Defendants may have been negligent, let alone deliberately indifferent,
in caring for Mr. Tran. Thus, the Court concludes that the individual Clark County
Defendants have shown, by clear and convincing evidence, that they are likely to prevail
in showing a lack of probable cause, on the part of the Plaintiffs, in pursuing their claims
based on the Fourteenth Amendment against the individual Clark County Defendants.

**2.     Malice**

The Washington Supreme Court has held that "the requirement that malice be
shown as part of the plaintiff's case in an action for malicious prosecution may be
satisfied by proving that the prosecution complained of was undertaken from improper or
wrongful motives or in reckless disregard of the rights of the plaintiff."

Here, the individual Clark County Defendants maintain that malice can be inferred
from a showing of lack of probable cause, and therefore, the Court should infer that
Plaintiffs' malice has been shown. Dkt. 79 at 9. Plaintiffs contend that, even if a lack or
probable cause has been established, the individual Clark County Defendants cannot

ORDER - 6

show that Plaintiffs brought their claims with improper motives or in reckless disregard of the rights of the individual Clark County Defendants. Dkt. 84 at 2-4.

In support of their motion to strike, Plaintiffs have failed to allege any facts to support their claims that the individual Clark County Defendants acted with deliberate indifference in caring for Mr. Tran. Although it is the individual Clark County Defendants' burden, in defeating the motion to strike, to show that Plaintiffs acted in reckless disregard of the Defendants' rights, Plaintiffs had an obligation, through discovery, to show what facts they believed supported their Fourteenth Amendment claims. Accordingly, the Court concludes that, regardless of Plaintiffs' motives, Clark County Defendants have shown, by clear and convincing evidence, that they are likely to prevail in showing that Plaintiffs proceeded with their Fourteenth Amendment claims in reckless disregard of the rights of Clark County Defendants.

### 3. Conclusion

Therefore, because the Court has concluded that Clark County Defendants have shown, by clear and convincing evidence, that they are likely to prevail in meeting the elements of their malicious prosecution claim, Plaintiffs' motion to strike should be denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion to strike (Dkt. 48) is **DENIED**.

DATED this 19th day of January, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7