1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHI THI NGUYEN, et al.,

               Plaintiffs,

   v.

COUNTY OF CLARK, a municipal
corporation, et al.,

               Defendants.

CASE NO. C10-5267BHS

ORDER ON DEFENDANT
WEXFORD'S MOTION FOR
ENTRY OF CLAIMS BAR
ORDER AND PLAINTIFFS'
MOTION FOR DISMISSAL

      This matter comes before the Court on Defendant Wexford Health Sources, Inc.'s

("Wexford") Motion for Entry of Claims Bar Order (Dkt. 144) and Plaintiffs' motion for

dismissal (Dkt. 150). The Court has reviewed the briefs filed in support of and in

opposition to the motions and the remainder of the file and hereby denies Wexford's

motion and grants Plaintiffs' motion for the reasons stated herein.

## I.  PROCEDURAL HISTORY

      On April 19, 2010, Plaintiffs filed a complaint for deprivation of civil right against

numerous defendants, including the County of Clark ("County") and Wexford.  Dkt. 1.

      On April 28, 2011, Wexford filed a Motion for Entry of Claims Bar Order (Dkt.

144) which, among other things, informed the Court that Plaintiffs had reached a

ORDER - 1

settlement of their claims against both the County and Wexford.  Dkt. 144.  On May 9, 2011, the County responded.  Dkt. 147.  On May 13, 2011, Wexford replied.  Dkt. 152.

On May 9, 2011, Plaintiffs and the County filed a stipulated motion requesting that Plaintiffs' claims against the County be dismissed.  Dkt. 146.

On May 11, 2011, Plaintiffs filed a motion to dismiss their claims against Wexford.  Dkt. 150.  On May 154, 2011, Wexford responded.  Dkt. 154.  On May 26, 2011, Plaintiffs replied.  Dkt. 156.

## II.  DISCUSSION

Wexford asks the Court to weigh in on a contract dispute under the guise of promoting the finality of settlements.  Plaintiffs' settlements, however, appear to be final and wholly independent from the potential contract and indemnification issues that may exist between the County and Wexford.  The Court declines to address these issues or complicate matters that may come before a different tribunal.

Wexford states that a "bar order may preclude all claims by a non-settling defendant against a settling defendant, however those claims are denominated."  Dkt. 144 at 7.  The leap of logic necessary to apply this apparent rule to two settling defendants escapes the Court.  While there is case law to support Wexford's propositions that there is no *federal* right to indemnity under 42 U.S.C. § 1983 (Dkt. 144 at 8-9), that there is no *federal* right to contribution under 42 U.S.C. § 1983 (Dkt. 144 at 9-10), and that public policy strongly favors the settlement of disputes (Dkt. 144 at 12-13), there is a lack of case law to support the proposition that the state law contractual indemnity obligations between Wexford and the County "cancel each other out."  This is obviously an issue of contract interpretation and application.  Therefore, the Court denies Wexford's motion for a bar order because it is without merit.

With regard to Plaintiffs' motion to dismiss its claims, the Court grants the motion because the Court has denied Wexford's only objection, which was its pending motion.

ORDER - 2

1

**III.  ORDER**

2    Therefore, it is hereby **ORDERED** that Wexford's Motion for Entry of Claims

3 Bar Order (Dkt. 144) is **DENIED** and Plaintiffs' motion for dismissal (Dkt. 150) is

4 **GRANTED**.

5    DATED this 6th day of June, 2011.

6

7

8    BENJAMIN H. SETTLE
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 3